**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Bernardo Medina,

    **Plaintiff,**

v.

The Geo Group, Inc.,

    **Defendant.**

**COMPLAINT AND JURY DEMAND**

The Plaintiff, by and through its attorneys, Richmond Law Firm, LLC, for its claim against the Defendant states as follows.

**PRELIMINARY STATEMENT**

1. Plaintiff is an American citizen.

2. Plaintiff was detained without cause by Defendant's employees at an immigration detention facility operated by Defendant.

3. Plaintiff consistently protested that he was being illegally detained by Defendant. No one employed by Defendant would take this wrongful confinement seriously. Plaintiff was wrongfully incarcerated in Defendant's facility for approximately a day.

## PARTIES

4. Plaintiff Bernardo Medina is an individual and citizen of the United States with his principal residence in Gunnison, Colorado. Plaintiff's address is 302 S. 2nd, No. 68, Gunnison, Colorado 81230.

5. Defendant The Geo Group, Inc. is Florida corporation which operates detention facilities throughout Colorado. Defendant's principle place of business is One Park Place, Suite 700, 621 Northwest 53rd Street, Boca Raton, Florida.

## JURISDICTION AND VENUE

6. This action arises due to tort law claims Plaintiff raises against Defendant. This Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C.A. § 1332(a). Plaintiff is a citizen of Colorado and Defendant, based on it principle place of business, is a citizen of Florida. The amount in controversy exceeds $75,000 exclusive of costs and interests.

7. Defendant's continuous and systematic transaction of business within Colorado subjects them to the personal jurisdiction in Colorado courts and, by extension, this Court. See CRS 13-1-124, *First Entm't, Inc. v. Firth*, 885 F. Supp. 216, 219 (D. Colo. 1995).

8. Venue is proper in the Court because the incidents alleged occurred within the jurisdiction of the United States District Court of Colorado, Plaintiff resides within the Court's jurisdiction, and, on information and belief, Defendant is subject to this Court's personal jurisdiction. 28 U.S.C.A. § 1391(b)(3).

## STATEMENT OF FACTS

9. Plaintiff was born on May 31, 1994 in Montrose, Colorado.

10. On January 27, 2015, Plaintiff was detained and incarcerated without warrant, probable cause, or reasonable suspicion. On information and belief, this initial arrest was perpetrated by federal officers of Immigration and Customs Enforcement.

11. Plaintiff spent two days bouncing through various immigration detention centers in Colorado before he finally arrived at Defendant's detention facility on January 29, 2015.

12. Defendant's detention facility is located at 3130 North Oakland Street, Aurora, Colorado.

13. Defendant's detention facility in Aurora is under a contract with the United States Immigration and Customs Enforcement.

14. On information and belief, Defendant's employees at the Aurora detention facility interact with and perform services for federal and state law enforcement officials.

15. While in Defendant's custody, Plaintiff insisted to multiple employees of Defendant's facility that he was an American citizen, he could prove the same, and that a mistake had been made.

16. Initially no one in Defendant's employ listened to Plaintiff's pleas.

17. Plaintiff spent approximately one day unlawfully detained in Defendant's Aurora facility.

18. On January 30, 2015, employees at Defendant's facility somehow figured out that a tremendous error had been made in detaining Plaintiff.

19. Defendant's employees sat Plaintiff down and began aggressively questioning why he hadn't told them he was an American citizen.

20. Plaintiff was shocked, pointing out that he had been telling every official for three days, including Defendant's employees, that he was an American citizen.

21. Defendant's employees accused Plaintiff of lying to them and threatened Plaintiff with some type of vague prosecution.

22. After these threats, Defendant's employees sent Plaintiff out the door.

23. Defendant's employees did not allow Plaintiff to make a phone call or offer to contact his family or friends for him.

24. Plaintiff was left in a neighborhood he had never been to, in a city he knew nothing about with less than five dollars in his pocket, a dead cell phone, and completely confused as to where he was and what had happened.

25. Good Samaritans helped Plaintiff find something to eat and secure lodging, which Plaintiff's family later paid for.

26. The next day Plaintiff's family was able to travel from Gunnison to Denver to bring Plaintiff back to relative safety.

27. At all times Plaintiff was in Defendant's facility he was not free to leave.

28. All Defendants employees were operating within the scope of their employment throughout their interactions with Plaintiff.

## FIRST CLAIM FOR RELIEF

### **Negligence**

29. Plaintiff incorporates by reference the allegations of paragraphs 1-29 of the Complaint.

30. Defendant had a duty to Plaintiff to insure that his detention was justified.

31. Defendant failed to exercise the standard of care of a reasonably prudent person when faced with claims that it was unlawfully holding an American citizen in an immigration detention center.

32. Due to Defendant's breach, Plaintiff was unlawfully imprisoned for a day in Defendant's detention facility.

33. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe and substantial damages including but not limited to lost salary, lost raises, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## SECOND CLAIM FOR RELIEF

### False Imprisonment

34. Plaintiff incorporates by reference the allegations of paragraphs 1-34 of the Complaint.

35. Defendant had intent to restrict Plaintiff's freedom of movement while Plaintiff was in Defendant's facility.

36. Plaintiff's freedom of movement was restricted for approximately one day by Defendant's actions and Plaintiff was aware of this restriction.

37. Defendant lacked any legal justification for its restriction of Plaintiff's freedom of movement.

38. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe and substantial damages including but not limited to lost salary, lost raises, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## THIRD CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

39. Plaintiff incorporates by reference the allegations of paragraphs 1-39 of the Complaint.

40. Defendant's unlawful detention of Plaintiff was outrageous conduct.

41. Defendant's unlawfully imprisoning of Plaintiff in an immigration detention center, when Plaintiff consistently insisted that he is a citizen, was calculated to cause severe emotional distress.

42. Defendant's actions did cause severe emotional distress in Plaintiff.

43. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe and substantial damages including but not limited to lost salary, lost raises, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## FOURTH CLAIM FOR RELIEF

### Assault and Battery

44. Plaintiff incorporates by reference the allegations of paragraphs 1-44 of the Complaint.

45. Defendant's employees intended to make and did make contact with Plaintiff during his unlawful detention in Defendant's facility.

46. Defendant had no legal reason to detain Plaintiff in its facility. Thus all contact made by Defendant's employees with Plaintiff was offensive contact.

47. Defendant's employees' contact caused Plaintiff to feel apprehension of said contact. And Defendant's employees actually perpetrated offensive contact with Plaintiff.

48. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe and substantial damages including but not limited to lost salary, lost raises, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## REQUEST FOR RELIEF

58. Plaintiff requests the following relief:

    A. Judgment in his favor and against Defendants on all the claims set forth above;

    B. Damages against Defendants and in favor of Plaintiff in an amount to be determined at trial, pre- and post- judgment interest on such award of damages, together with any and all expert witness fees, and reasonable costs and attorneys' fees that may be available;

    C. Such other relief as the Court deems just and equitable under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this the 27th day of January, 2017.

*/s/ Andy R. Richmond*
_____
Andy R. Richmond, No. 45927
Richmond Law Firm, LLC
P.O. Box 2903
Crested Butte, Colorado 81230
Phone Number: 970-315-2053
E-mail: andy@gunnisonlawyer.com
Attorney for Plaintiff Medina